UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENACIA J. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:12-CV-3724-G |
| WELLS FARGO BANK, N.A., ) | |
| SUCCESSOR BY MERGER TO WELLS ) | |
| FARGO BANK SOUTHWEST, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss the plaintiff's claims (docket entry 4). For the reasons stated below, the motion is granted.

### I. BACKGROUND

#### A. Factual Background

This case arises from a pending mortgage foreclosure. In March 2003, the plaintiff Enacia J. Lewis ("Lewis") obtained a mortgage loan of $200,000.00 from World Savings Bank, FSB ("World Savings"). *See* Notice of Removal, Exhibit C-1, Plaintiff's Original Petition ("Petition") at 2 ¶ 5 (docket entry 1); *see also* Petition,

Exhibit A.  In connection with the loan, Lewis executed a note and deed of trust in favor of World Savings.  Petition at 2 ¶ 5.  The loan was secured by the house and property located at 950 Angie Lane, Desoto, Texas  75115 (the "property").  Petition, Exhibit A at Section III.  The defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), is the successor by merger to World Savings.  *See* Defendant Wells Fargo Bank, N.A.'s Rule 12(b)(6) Motion to Dismiss and Brief in Support ("Motion") at 4-5 (docket entry 4).  Moreover, it is identified as Lewis's mortgagee on a document dated October 4, 2011, by which Wells Fargo appointed a substitute trustee for the deed of trust.  *See* Petition, Exhibit B.

Sometime after October 4, 2011, Lewis apparently defaulted on her obligations under the loan and Wells Fargo apparently posted a notice of foreclosure sale for the property.[1]  *See* Petition at 3 ¶ 15;[2] *see also* Motion at 3.  It does not appear, however, that a foreclosure sale has occurred.  *See* Motion at 15.

B.  Procedural Background

On August 8, 2012, Lewis filed a petition in a Texas state court, asserting claims under the Texas Property Code, the Texas Finance Code, the Texas Business

---

[1] Neither Lewis nor Wells Fargo makes clear the precise sequence of events that precipitated this lawsuit.  The court assumes from the descriptions of facts in the original petition, and in the briefs in support of the defendant's motion and the plaintiff's response, that this paragraph captures that sequence sufficiently.

[2] The petition refers to the "above referenced Notice of Foreclosure Sale."  The court is unable to find any reference to this notice in the preceding section of the plaintiff's petition.

and Commerce Code, and the Texas Debt Collection Act. *See* Petition at 3-5 ¶¶ 14-20. In her petition, she also brought an action to quiet title and requested, in two separate counts, declaratory judgment. *Id.* at 5-7 ¶¶ 21-33. Wells Fargo timely removed to this court on September 14, 2012, invoking this court's diversity jurisdiction. *See* Notice of Removal at 2-3 ¶ 8. Wells Fargo filed the instant motion on September 21, 2012. *See* Motion.

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks

omitted).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 396 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 1949.  The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 1950 (*quoting* FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" her

claims against the defendant "across the line from conceivable to plausible." See *id.* at 1950, 52.

B. Wells Fargo's Successor Status

The plaintiff's claims in this case hinge on whether or not Wells Fargo has the authority under either the note or the deed of trust to conduct a foreclosure sale. *See, e.g.*, Petition at 2 ¶ 6, 3 ¶ 15, 4 ¶ 17-18, 6 ¶ 26, 7 ¶ 31. The deed of trust provides the "Lender" with the right to "take action to have the Property sold under any applicable Federal Law, rule or regulation and, where Federal Law is not applicable, under the law of the state where the Property is located . . ." *See* Petition, Exhibit A at Covenants ¶ 28. The deed of trust identifies the Lender as "WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES." *Id.* at Section I.

Wells Fargo argues that it is a matter of public record,[3] and a proper subject for judicial notice, that it is the successor by merger to World Savings. *See* Motion at 4-

---

[3] The court may take judicial notice of matters of public record, and also take into account matters referenced in and attached to the plaintiff's complaint, without converting a motion to dismiss to a motion for summary judgment. See *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); see also *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citation and internal quotation marks omitted). Thus, the court will consider both the public record of World Savings's eventual merger with Wells Fargo, and the deed of trust and appointment of substitute trustee attached to Lewis's original petition, without converting Wells Fargo's motion.

5. Not only does the court agree and take judicial notice of this fact (based both on the public records to which Wells Fargo refers and on the extensive case law to which it cites),[4] but the plaintiff never once disputes Wells Fargo's claim that it is the successor by merger to World Savings. *See generally* Petition and Plaintiff's Response to Defendant's Motion to Dismiss ("Response") (docket entry 9). By virtue of its successor status, Wells Fargo also has the status of Lender under the deed of trust signed by Lewis. *See* Petition, Exhibit A at Section I. This fact alone disposes of all of Lewis's claims in this case, as demonstrated in the following analysis.

### C.  Texas Property Code

Lewis alleges that Wells Fargo's conduct violates the Texas Property Code. Petition at 3 ¶¶ 14-15. According to Lewis, the Property Code requires that all transfers of a lien be timely recorded prior to acceleration and collection on the note and that the mortgagee listed on a notice of foreclosure sale be the current holder of the original promissory note. *Id.* Additionally Lewis contends that Wells Fargo is not duly authorized to represent the actual current note holder in a foreclosure. *Id.* ¶ 15.

These arguments are meritless. None of the case law Lewis cites is applicable, because none of it addresses the situation at issue here, that of a successor entity

---

[4] *See* Motion at 4-5, 5 n. 4, 6-7; *see also* Defendant Wells Fargo Bank, N.A.'s Reply in Support of its Motion to Dismiss ("Reply") at 2 (docket entry 10). See also *Olaoye v. Wells Fargo Bank, N.A.*, 2012 WL 1082307, at *3 (N.D. Tex. April 2, 2012) (Means, J.) ("Wells Fargo's authorization to foreclose on the mortgage property came by virtue of its status as the successor-in-interest to Olaoye's loan.").

stepping into the shoes of the original mortgagee. *See generally* Plaintiff's Response to Defendant's Motion to Dismiss at 6-8 (docket entry 9). The first two of Lewis's arguments have been rejected by this very court, just two years ago, and the court has found no reason to adopt a different view now. See *Broyles v. Chase Home Finance*, 2011 WL 1428904, at *2-3 (N.D. Tex. Apr. 13, 2011) (Fish, J.). The third argument is based on the erroneous assumption that Wells Fargo's authorization to "represent" the current note holder in a foreclosure is lacking, because there was no assignment of rights in the note or deed of trust to Wells Fargo. Petition at 3 ¶ 15. Wells Fargo's authority to foreclose derives, not from an assignment, but from the fact that it is the successor by merger to World Savings's mortgage business and has the explicit authority -- as Lender under the deed of trust -- to foreclose. *See* Defendant Wells Fargo Bank, N.A.'s Appendix in Support of Rule 12(b)(6) Motion to Dismiss and Brief in Support ("Defendant's Appendix") at App. 09 (docket entry 4-1); see also *Olaoye*, 2012 WL 1082307, at *3.

### D. Texas Business & Commerce Code

Though Lewis's complaint is less than clear on the particular violation of the Texas Business & Commerce Code for which she seeks a remedy, the core of her argument is the claim that Wells Fargo has attempted to conduct a foreclosure sale without producing the original note for her inspection. Petition at 4 ¶ 17. This court and this circuit have thoroughly rejected the notion that a mortgagee is required to

"show the note" prior to conducting a non-judicial foreclosure sale. See, *e.g.*, *Broyles*, 2011 WL 1428904, at *3; *Wells v. BAC Home Loans Servicing, LP*, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011); *Coleman v. Bank of America, N.A.*, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011) (Kaplan, M.J.), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011) (Fish, J.); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010) (Kaplan, M.J.), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010) (Kinkeade, J.); *Preston v. Seterus, Inc.*, 2013 WL 1091272, at *13 (N.D. Tex. Mar. 15, 2013) (Lindsay, J.) (collecting cases).

E. Texas Finance Code and Texas Debt Collection Act

Lewis's claim under the Texas Finance Code depends on the same problematic "show-me-the-note" theory that underlies her Business & Commerce Code claim. Petition at 4-5 ¶¶ 18-20. She alleges "fraudulent, deceptive, and/or misleading" representations regarding Wells Fargo's status as owner, holder, or duly authorized representative of the holder, of the note. *Id.* at 4-5 ¶ 18. Not only does Lewis's complaint wholly fail to identify specific fraudulent representations made by Wells Fargo, the argument is without merit, because Wells Fargo is not required to show the note prior to "engag[ing] in actions to collect on such Note." Petition at 4 ¶ 18; but see *Broyles*, 2011 WL 1428904, at *4. As the successor to World Savings and

therefore the Lender under the deed of trust, Wells Fargo has all the authority it needs to conduct a foreclosure sale.  *See* Section II.B.-C. above.

### F. Action to Quiet Title

The theory driving Lewis's request for this court to quiet title is that, by virtue of Wells Fargo's alleged pooling and sale of her note in an investment product known as a mortgage-backed security, Wells Fargo has exposed her to "multiple and unpredictable recoveries or attempts to recover against the subject properties."[5] Petition at 7 ¶ 30; *see also* Petition at 2-3 ¶¶ 7-12.  Lewis's suggestion that she is exposed to multiple recoveries by virtue of the securitization process is unsupported by citation to any legal authority whatsoever, whether statutory or case law.  Courts in this district and others that have considered similar arguments have rejected them. See, *e.g.*, *Warren v. Bank of America, N.A.*, 2012 WL 3020075, at *6 (N.D. Tex. Jun. 19, 2012) (Ramirez, J.) (collecting cases), *rec. adopted*, 2013 WL 1131252 (N.D. Tex. Mar. 19, 2013) (Lynn, J.); *Reyes v. GMAC Mortgage LLC*, 2011 WL 1322775, at *2 (D. Nevada Apr. 5, 2011) (noting that "the securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust"); *Pasinsky v. ABN Amro Mortgage Group, Inc.*, 2011 WL 3705034, at *1-2 (D. Utah

---

[5] The plaintiff also relies on a version of the "split-the-note" theory to support her quiet title claim.  Petition at 7 ¶ 31.  The split-the-note theory has been rejected in this circuit.  See *Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868, 870 (5th Cir. 2012).

August 23, 2011).  The court declines to adopt a theory that has been so uniformly rejected and that apparently has no basis in law.

### G.  Declaratory Judgment

Wells Fargo argues, correctly, that Lewis's declaratory judgment counts are duplicative of her other claims.  *See* Motion at 18-19.  Because the court has rejected these other claims, it also dismisses her declaratory judgment claims.  See *Wigginton v. Bank of New York Mellon*, 2011 WL 2669071, at *5 (N.D. Tex. Jul. 7, 2011) (Fish, J.), *aff'd*, 488 Fed. Appx. 868 (5th Cir. 2012).

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**.  The plaintiff's claims in this case are **DISMISSED** for failure to state a claim on which relief can be granted.

**SO ORDERED**.

April 8, 2013.

_____
**A. JOE FISH**
**Senior United States District Judge**